UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-CV-62697-RS/AV
Referred to Magistrate Judge Alicia O. Valle

SATARA N. MONROE,

     Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

     Defendant.

_____/

**DEFENDANT WELLS FARGO BANK, N.A.'S**
**MOTION TO DISMISS COUNT I OF PLAINTIFF'S SECOND AMENDED**
**COMPLAINT WITH PREJUDICE**

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned

counsel and pursuant to Rule 12, Fed. R. Civ. P., and Rule 7.1., S.D. Fla. L.R., hereby moves for

entry of an Order dismissing Count I of Plaintiff's Second Amended Complaint [DE 27] with

prejudice, and states as follows:

**I.  Preliminary Statement**

By Plaintiff's own admission, she completed the transaction she went to Wells Fargo to

complete on February 17, 2015. That fact alone is fatal to plaintiff's claim for violation of 42

U.S.C. § 1981. Therefore, Count I of Plaintiff's Second Amended Complaint [DE 27] should be

dismissed with prejudice because it does not--and cannot—state a cause of action as a matter of

law under controlling Eleventh Circuit precedent . [1]

---

[1] Wells Fargo does not concede that Plaintiff would able to establish other elements of a §1981
claim (that Plaintiff had a contractual relationship that was impaired or that Wells Fargo intended
to discriminate against Plaintiff based upon race). However, for purposes of this Motion to
Dismiss, Wells Fargo's argument addresses only Plaintiff's completion of the transaction.

## II.  Background and Procedural History

1.      In her initial Complaint [DE 1], Plaintiff, Satara N. Monroe ("Monroe"), attempted to assert claims against Wells Fargo for violations of 42 U.S.C. § 1981 and intentional infliction of emotional distress that she allegedly suffered when she cashed a check at a Wells Fargo branch on February 17, 2015. Notably, the initial Complaint included an acknowledgement that Plaintiff cashed her check on the same date as the incident alleged in this action. *See* Comp., Intro.

2.      Wells Fargo filed a Motion to Dismiss Plaintiff's Complaint [DE 7], arguing in part that the § 1981 claim should be dismissed because Plaintiff had cashed her check and thus successfully completed her transaction.  In making this argument, Wells Fargo relied on controlling Eleventh Circuit precedent, including *Kinnon v. Arcoub, Gopman & Associates, Inc.*, 490 F.3d 886 (11th Cir. 2007), and *Lopez v. Target Corporation*, 676 F.3d 1230 (11th Cir. 2012). These cases both state that a plaintiff must allege that she was unable to complete a transaction in order to assert a viable § 1981 claim.

3.      Rather than respond to the Motion to Dismiss, Plaintiff filed an Amended Complaint [DE 8], which again attempted to assert claims for violations of § 1981 and intentional infliction of emotional distress. But the Amended Complaint intentionally omitted Plaintiff's acknowledgment that she successfully cashed her check, likely because Plaintiff's counsel realized that it was fatal to the § 1981 claim.

4.      Wells Fargo filed a Motion to Dismiss the Amended Complaint [DE 10].

5.      Again, rather than respond to this second Motion to Dismiss, Plaintiff filed a Motion for Leave to file a Second Amended Complaint [DE 13]. Plaintiff's proposed Second Amended Complaint sought to assert claims for violations of § 1981, intentional infliction of

2

emotional distress, negligence, defamation, and false imprisonment. Again, Plaintiff omitted the acknowledgment that she cashed her check.  Wells Fargo opposed Plaintiff's Motion for Leave to Amend [DE 16].

6.      Magistrate Judge Barry S. Seltzer issued a Report and Recommendation [DE 21]. Adopting Judge Seltzer's recommendation, Judge Moreno dismissed with prejudice the intentional infliction of emotional distress claim and denied Plaintiff leave to add claims for defamation and negligence [DE 24].  The proposed § 1981 and false imprisonment claims were found to have been sufficiently pleaded.  Notably, however, when discussing Plaintiff's § 1981 claim, Judge Seltzer cited *Kinnon* and *Lopez* and wrote that to assert a viable § 1981 claim a plaintiff must be *prevented* from making a purchase (and not just deterred).  Judge Seltzer specifically wrote that he could not consider Wells Fargo's argument that Plaintiff cashed her check because she omitted that acknowledgment from the Amended Complaint. Given the legal significance of this fact, Judge Seltzer wrote that he assumed Plaintiff had a good-faith basis to remove the allegation from the Amended Complaint.

7.      Thereafter, Plaintiff filed her Second Amended Complaint and again alleged § 1981 and false imprisonment claims. This time, however, she has reinserted the acknowledgment that she successfully cashed her check and therefore completed the transaction. Again, this acknowledgment was not included in the Amended Complaint or proposed Second Amended Complaint that Judge Seltzer and Judge Moreno ruled on. *See* 2nd Am. Comp., Intro., ¶37.

8.      Count I of Plaintiff's Second Amended Complaint must be dismissed with prejudice because Plaintiff cannot, as a matter of law, state a cause of action under controlling Eleventh Circuit precedent because, while allegedly deterred, ***Plaintiff was not actually prevented from completing her transaction***.

3

### III.  Memorandum of Law

A.      *Plaintiff's Inability to State a Claim Under 42 U.S.C. § 1981 Mandates Dismissal of Count I of the Second Amended Complaint With Prejudice.*

1.      Elements of a claim under 42 U.S.C. § 1981

In order to state a cause of action under 42 U.S.C. § 1981, Plaintiff must allege: "'(1) that [she] is a member of a racial minority; (2) that the [Wells Fargo] intended to discriminate on the basis of race; and (3) *that the discrimination concerned one or more of the activities enumerated in the statute*.'" *Kinnon v. Arcoub, Gopman & Associates, Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (*quoting Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004)) (*emphasis added*).  One of the activities enumerated in 42 U.S.C. § 1981 is the right to "make and enforce contracts." 42 U.S.C. § 1981. As discussed below, because Plaintiff was not prevented from cashing her check, her right to make and enforce a contract was not impaired.

2.      Plaintiff completed her transaction.

In her initial Complaint, Plaintiff alleged that her check was cashed, although she claims that it took hours, that her boss had to drive to another branch, and that she was interrogated by the police. *See* Comp., Intro.  In response to Wells Fargo's Motion to Dismiss, which argued, in part, that this acknowledgment barred Plaintiff's § 1981 claim as a matter of law, Plaintiff filed an Amended Complaint that simply deleted that allegation.  When Plaintiff sought leave to amend again, the proposed Second Amended Complaint also omitted the allegation that Plaintiff cashed her check.

The Magistrate's Report, which found that the § 1981 claim as set forth in the Amended Complaint and in the proposed Second Amended Complaint had been sufficiently pleaded, stated as follows:

4

> In <u>Kinnon v. Arcoub, Gopman & Assocs., Inc.</u>, 490 F.3d 886, 891 (11th Cir. 2007), the Eleventh Circuit further clarified that, "in the retail context, the plaintiff must demonstrate the <u>loss</u> of an actual contract interest." <u>Id.</u> (emphasis in original) (adopting and quoting <u>Arguello v. Conoco, Inc.</u>, 330 F.3d 355, 358 (5th Cir. 2003)); <u>see also</u> <u>Lopez v. Target Corp.</u>, 676 F.3d 1230, 1234 (11th Cir. 2012). In other words, "a viable §1981 claim in the retail context 'must allege that the plaintiff was actually prevented, and not merely deterred, from making a purchase.'" <u>Id.</u> (quoting <u>Arguello</u>, 330 F.3d at 358-59).

Mag. Rep. [DE 21], p.4. Noting that Wells Fargo had argued in its Motion to Dismiss that Plaintiff's initial Complaint [DE 1] had alleged that Plaintiff had been able to cash her check, Magistrate Seltzer observed that this "allegation was later deleted from the Amended Complaint, and cannot now be considered." Mag. Rep. [DE 21], n.1.  Notably, Magistrate Seltzer went on to state that he would "*assume that valid reasons exist for the deletion, and the good faith of the parties is not questioned.* [Italics added]"

In other words, Plaintiff's § 1981 claim survived Wells Fargo's Motion to Dismiss only because Plaintiff intentionally left out the allegation that she had been able to cash her check. Apparently, only after Judge Seltzer questioned whether Plaintiff had a good-faith basis to remove the allegation, she put it back in. That fact may now be considered in connection with this Motion to Dismiss. Specifically, in the Complaint's Introduction, Plaintiff acknowledges that Wells Fargo cashed the check she went to Wells Fargo to have cashed that day.  And again, in paragraph 37, Plaintiff alleges that Wells Fargo cashed her check.

Under controlling Eleventh Circuit precedent, it does not matter if Wells Fargo took a long time to cash the check or even if Plaintiff allegedly suffered humiliation in the course of the transaction. The law governing § 1981 claims in retail transactions was set more than ten years ago, in 2007, by the Eleventh Circuit in the *Kinnon* case. *Kinnon* made clear that "[t]o state a claim under § 1981, a plaintiff must identify 'an impaired 'contractual relationship' … under which the plaintiff has rights.'" *Kinnon*, 490 F.3d, at 890 (citing *Domino's Pizza, Inc. v.*

5

*McDonald*, 546 U.S. 470, 126 S.Ct. 1246, 1249 (2006)).  Noting that there was little authority in the Eleventh Circuit applying § 1981 to claims in the retail context (and noting that there was a significant difference between employment agreements and retail transactions), the *Kinnon* Court stated that it was persuaded by and agreed with the approach that the Fifth Circuit had taken in 2003 in *Arguello v. Conoco, Inc.*, 330 F.3d 355 (5th Cir. 2003). *Kinnon*, 490 F.3d, at 891. Specifically, *Arguello* held that a plaintiff must be "thwarted" from completing a transaction in order for a court to recognize a § 1981 claim and that deterring a customer from making a transaction is insufficient. *Arguello*, 330 F.3d, at 358-59.

In *Kinnon*, the Eleventh Circuit stated that "Section 1981 does not provide a general cause of action for all racial harassment that occurs during the contracting process." *Kinnon*, 490 F.3d., at 892. Reiterating that, in the retail context, § 1981 requires the loss of an actual contract interest, the *Kinnon* Court concluded that the plaintiff: (1) had not been denied the right to make, perform, enforce, or modify a contract; (2) successfully entered into a contract; and (3) had not been prevented from completing that contract. *Id.* Accordingly, the plaintiff in *Kinnon* was unable to maintain a § 1981 claim as a matter of law and summary judgment was properly entered against her.

Five years later, the Eleventh Circuit again addressed § 1981 claims in the retail transaction context in the often-cited case of *Lopez v. Target Corporation*, 676 F.3d 1230 (11th Cir. 2012). In *Lopez*, the Eleventh Circuit relied heavily on and quoted from both *Arguello* and *Kinnon*. *Lopez*, 676 F.3d, at 1233-34.  The *Lopez* Court then acknowledged that *Kinnon* is "controlling precedent," under which the plaintiff could not state a claim under § 1981 because he "was able to complete his transaction at the same Target store, buying his desired goods at the same price and using the same payment method as any other customer." *Id.* at 1234.

6

Accordingly, the plaintiff in *Lopez* had not been denied the ability to make, perform, enforce, modify, or terminate a contract and had not lost an actual contract interest. *Id.* The Eleventh Circuit went on to make absolutely clear that "*Kinnon* stands for the proposition that a retail customer cannot make out a claim under § 1981 unless the customer was 'actually denied the ability to engage in [some] contractual activity' protected by the statute." *Id.* (quoting *Kinnon*, 490 F.3d, at 892). *Lopez* concludes that being able to complete a transaction on the same terms (i.e., location, price, method of payment), even if allegedly "delayed and mistreated," absolutely precludes a claim under §1981. *Lopez*, 676 F.3d. at 1235.

Courts in several other jurisdictions are in agreement. To state a successful § 1981 claim in the context of a retail transaction, it is insufficient to allege delay or mistreatment when a plaintiff completes a transaction or is not prevented from doing so. *See, e.g., O'Connor v. J.C. Penney Corporation*, No.: 2:16-cv-02068-RDP, 2018WL2416423 at *3 (N.D. Ga. May 29, 2018); *Ortiz-Rosario v. Toys "R" Us, Inc.*, 585 F.Supp.2d 216 (D. P.R 2008); *Rogers v. Elliott*, 135 F.Supp.2d 1312, 1315 (N.D. Ga. 2001); *Jeffery v. Home Depot U.S.A., Inc.*, 90 F.Supp.2d 1066, 1069 (S.D. Cal. 2000)

In this case, the Plaintiff has acknowledged that she cashed her check at Wells Fargo on the day described in the Complaint. There is no allegation that she had to pay a different amount than others who cashed checks at Wells Fargo, that she had to use a different form of payment, or even that she had to go to a different Wells Fargo branch. Instead, Plaintiff pins her § 1981 claim on allegations she was delayed and mistreated. That is simply not enough under controlling precedent. As with the plaintiffs in *Lopez*, *Kinnon*, and *Arguello*, Plaintiff cannot, as a matter of law maintain a cause of action for purported violations of 42 U.S.C. § 1981 because

7

she completed her transaction.  Since she cannot cure this pleading deficiency, Count I of

Plaintiff's Second Amended Complaint should be dismissed with prejudice.

### IV.  Conclusion

Plaintiff has failed to state a §1981 claim against Wells Fargo and, as a matter of law, is

unable to do so.  As this pleading deficiency cannot, in good faith, be rectified, Count I of

Plaintiff's Second Amended Complaint should be dismissed with prejudice.

WHEREFORE, Defendant, Wells Fargo Bank, N.A., respectfully requests entry of an

Order dismissing Count I of Plaintiff's Second Amended Complaint with prejudice, awarding

costs and attorney's fees, and granting such other and further relief as is just and proper.

FOX ROTHSCHILD LLP
777 South Flagler Drive
Suite 1700 – West Tower
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

By:  *s/David A. Greene*
Amy S. Rubin
Florida Bar No. 476048
arubin@foxrothschild.com
wpbeservice@foxrothschild.com
B.C.S. in Civil Trial and Business Litigation
David A. Greene
Florida Bar No. 87629
dgreene@foxrothschild.com

*Attorneys for Wells Fargo Bank, N.A.*

### Certificate of Service

I HEREBY CERTIFY that, on this 22nd day of July, 2019, a true and correct copy of the

foregoing was served as indicated as indicated on the attached Service List.

*s/David A. Greene*
David A. Greene

8

*Satara N. Monroe v. Wells Fargo Bank, N.A.*
**U.S.D.C. S.D. Fla. Case No. 0:18-CV-62697-RS/AV**

***Via CM/ECF:***
Yechezkel Rodal, Esq.
chezky@rodallaw.com
Rodal Law, P.A.
5300 N.W. 33rd Ave., Suite 219
Ft. Lauderdale, FL 33309
Tel.: (954) 367-5308
Fax: (954) 900-1208
*Attorney for Plaintiff*

9